**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **SARAH L.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Case No. 2:25-cv-00452** |
| | : | **Judge James L. Graham** |
| | : | **Magistrate Judge S. Courter M. Shimeall** |
| **COMMISSIONER OF SOCIAL SECURITY,** | : | |
| | : | |
| | : | |
| **Defendant.** | : | |

**REPORT AND RECOMMENDATION**

Plaintiff, Sarah L., brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for social security disability insurance benefits ("DIB"). This matter is before the United States Magistrate Judge for a Report and Recommendation on Plaintiff's Statement of Errors. (ECF No. 10.) For the reasons that follow, it is **RECOMMENDED** that the Court **SUSTAIN** Plaintiff's Statement of Errors and **REVERSE** the Commissioner of Social Security's nondisability finding and **REMAND** this case to the Commissioner and the ALJ under Sentence Four of § 405(g).

## I. BACKGROUND

Plaintiff applied for DIB on April 16, 2021, with an amended onset date of disability as of January 1, 2021, due to anxiety, depression and Bi-Polar Disorders and PTSD. (ECF No. 7–5, PAGEID ##: 254–57, ECF No. 7–6, PAGEID #: 280.) Plaintiff's application was denied initially in August 2022 and upon reconsideration in January 2023. Thereafter, Plaintiff appeared telephonically

with counsel before an administrative law judge ("ALJ") on January 11, 2024. (ECF No. 7–2, PAGEID ##: 69–111.) On February 27, 2024, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act. (*Id.* at PAGEID ##: 39–68.)

The ALJ found that Plaintiff met the insured status requirements of the Social Security Act through March 31, 2026, and applied the five-step sequential process to evaluate her DIB application.[1] (ECF No. 7–2, PAGEID ##: 43–44.)

- Step One: The ALJ found that Plaintiff had not engaged in substantial gainful activity since January 1, 2021, the alleged onset date. (*Id.* at PAGEID # 44.)
- Step Two: Plaintiff had the following severe impairments: migraine headaches; right sided sensorial hearing loss; degenerative disc disorder lumbar spine with radiculopathy; generalized anxiety disorder; major depression; trauma and stressor disorder (PTSD); panic disorder; borderline personality disorder (20 CFR 404.1520(c)). (*Id.*)
- Step Three: The ALJ further found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at PAGEID #: 46.)

[1] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

1. Is the claimant engaged in substantial gainful activity?
2. Does the claimant suffer from one or more severe impairments?
3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?
4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?
5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. § 404.1520(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

Before proceeding to Step Four, the ALJ set forth Plaintiff's residual functional capacity ("RFC") as follows:

> [Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except never climb ladders, ropes, scaffolds; avoid dangerous workplace hazards such as unprotected heights and dangerous moving machinery; exposed to no more than moderate noise levels as defined by the DOT; [Plaintiff is] able to understand and remember and carry out simple instructions that do not involve detailed or complex decision making or judgment, can tolerate occasional changes in a routine work setting, cannot be required to work at a production rate pace such as assembly line work, or have hourly quota requirements, but is able to complete flexible daily quotas by end of day, can have occasional interaction with coworkers, supervisors and incidental contact with the general public.

(ECF No. 7–2, PAGEID # 49.)

- Step Four: The ALJ determined that Plaintiff was unable to perform her past relevant work as a runner or food server. (*Id.* at PAGEID #: 55.)

- Step Five: The ALJ concluded that—when considering her age, education, work experience, and RFC, and in reliance on the VE's testimony—there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as a merchandise maker, garment folder or router clerk. (*Id.* at PAGEID ##: 56–57.)

The ALJ therefore concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, since January 1, 2021. (*Id.* at PAGEID #: 59.)

The Appeals Council denied Plaintiff's request for review on February 20, 2025, and this appeal followed (*Id.* at PAGEID ##: 26–31.)

## II. RELEVANT RECORD EVIDENCE

The Undersigned has reviewed the portions of the administrative record relevant to the claimed errors raised by Plaintiff. Rather than summarizing that information here, the Undersigned will refer and cite to it as necessary in the discussion of the parties' arguments below.

## II. STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's

decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices the claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

## IV. ANALYSIS

Plaintiff contends that the ALJ erred in forming the RFC when she failed to account for two specific limitations opined by the state agency reviewing mental health experts, or explain why they were rejected. (ECF No. 10.) First, Plaintiff contends that the ALJ erred when by failing to incorporate a restriction that she needed to work away from others to not be distracted. (*Id.* at PAGEID # 3338–10.) Second, Plaintiff contends that the ALJ erred by failing to properly account for an occasional *and* superficial interaction with coworkers and supervisors. (*Id.* at PAGEID ##: 3340–42.) The Commissioner counters that the ALJ expressly discounted one of the limitations in question and adequately accounted for the other limitation, albeit in different terms. (ECF No. 12, PAGEID ##: 3348–53.)

### A. Legal Standard

A plaintiff's RFC "is defined as the most [he] can still do despite the physical and mental limitations resulting from [his] impairments." *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 155 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1545(a)(1). An ALJ's RFC determination must be "based on all of the relevant medical and other evidence" in a claimant's case record. 20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1). The governing regulations describe five categories of evidence: (1) objective medical evidence, (2) medical opinions, (3) other medical evidence, (4) evidence from

nonmedical sources, and (5) prior administrative medical findings. 20 C.F.R. §§ 404.1513(a)(1)–(5); 416.913(a)(1)–(5). An ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative finding(s) including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a); 416.920c(a). Instead, an ALJ must use the following factors when considering those categories of evidence: (1) Supportability; (2) Consistency; (3) Relationship with the Claimant; (4) Specialization; and (5) Other Factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(c)(1)–(5); 416.920c(c)(1)–(5).

At base, an ALJ must "provide a coherent explanation of his reasoning." *Lester v. Saul*, No. 5:20-CV-01364, 2020 WL 8093313, at *14 (N.D. Ohio Dec. 11, 2020), *report and recommendation adopted*, 2021 WL 119287 (N.D. Ohio Jan. 13, 2021). This analysis does "not require those explanations to contain a specific level of detail, but instead contemplate that the appropriate level of articulation will necessarily depend on the unique circumstances of each claim." *Timothy B. v. Comm'r of Soc. Sec.*, No. 2:22-cv-3834, 2023 WL 3764304, at *7 (S.D. Ohio June 1, 2023) (internal quotations omitted).

"An ALJ's decision cannot be upheld 'even if there is enough evidence in the record to support the decision, where the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result.'" *Shawn S. v. Comm'r of Soc. Sec.*, No. 2:25-CV-00014, 2026 WL 879075, at *5 (S.D. Ohio Mar. 31, 2026) (quoting *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011)) (cleaned up) (citations omitted). This requirement "ensures 'sufficient

rationale for a reviewing adjudicator or court' and ensures 'that a claimant whose application has been denied understands why.'" *Id.* (quoting *Kimberly S. v. Comm'r of Soc. Sec.*, 2022 WL 17820565, at *3 (S.D. Ohio Dec. 20, 2022); *Collins v. Comm'r of Soc. Sec.*, 2018 WL 3372950, at *2 (N.D. Ohio July 11, 2018)).

### B. Analysis

The Undersigned starts with Plaintiff's second issue first, as it is dispositive. Here, both state agency reviewers found that Plaintiff had a social interaction limitation and should be limited to "occasional *and* superficial interactions with coworkers and supervisors." (ECF No. 7-3, PAGEID #: 121 (emphasis added), 133 (emphasis added).) Plaintiff contends the ALJ's rejection of the superficial limitation was in error. The Undersigned agrees.

Audrey Todd, Ph.D., evaluated Plaintiff's mental impairments as part of the initial determination on the claim on May 16, 2022. (ECF No. 7–3, PAGEID ##: 113–22.) Dr. Todd based her review on the following severe medically determinable mental impairments: Anxiety and Obsessive-Compulsive Disorders, Trauma- and Stressor-Related Disorders, Personality Disorders, and Depressive, Bipolar and Related Disorders. (*Id.* at PAGEID #: 118.) Dr. Todd did not find that these impairments meet or medically equal any Listed impairment, finding moderate limitations in all "paragraph B" criteria of the mental Listings. (*Id.*) Dr. Todd then provided an assessment of Plaintiff's mental residual functional capacity (MRFC). Dr. Todd opined that Plaintiff could understand and remember 1–4 step moderately complex instructions, perform 1–3 step simple routine tasks without strict, fast paced production demands, maintain occasional and superficial interaction

with coworkers and supervisors, and perform work in a routine setting without frequent or major changes in job duties. (*Id.* at PAGEID ##: 120–22.)

On reconsideration, in December 2022, Plaintiff's claim was evaluated by Kristen Haskins, Psy.D., who, like Dr. Todd, assessed Plaintiff's medically determinable mental impairments, considered any applicable Listings, and made findings regarding Plaintiff's MRFC. (*Id.* at PAGEID ##: 125–34.) Dr. Haskins reached the same conclusions as Dr. Todd with regard to the evaluation of the "paragraph B" criteria of the Listings and Plaintiff's MRFC. (Id. at PAGEID ##: 129–30.) She added that Plaintiff needed a setting where she could work away from the distractions of others, and was limited to positions that did not require direct interaction with the general public. (*Id.* at PAGEID ##: 132–34.)

Turning to the portion of the ALJ's discussion at issue here, the ALJ found the opinions of Drs. Todd and Haskins to be "somewhat persuasive." (ECF No. 7–2, PAGEID #: 52.) Specifically, the ALJ addressed their opinions as follows:

> The DDS mental health consultants were Audrey Todd, Ph.D., psychologist at the initial level and Kristen Haskins, Psy. D., upon reconsideration. These are somewhat persuasive. The [Plaintiff] had severe impairments, with listing sections 12.04, 12.06, 12.08, 12.15. The B criteria all moderate.
>
> At exhibit 1A, p. 8, the DDS source noted the claimant can understand and remember 1 to 4 step moderately complex instructions. That is not entirely supported, and I have set forth my findings within the RFC. At 1A, p. 9, Dr. Todd noted the [Plaintiff] was markedly limited in the ability to interact appropriately with the general public. Again, that is excessive and marked limitations are unwarranted.
>
> Dr. Haskins revised some of the findings at 3A. In particular, at page 9, the [Plaintiff] was deemed capable of performing 1 to 3 step, simple/routine tasks without strict, fast paced production demands in a setting where the [Plaintiff] can

> work away from the distractions of others. That is more accurate and is generally persuasive, whereas Dr. Todd overstated that at the initial level.
>
> I do not find that marked social limitations are required, nor are those supported. She is generally able to get along with others. When she attends medical appointments or examinations, she has good eye contact. She is pleasant and cooperative. There is no issues with harming others, homicidal intentions, or overtly aggressive behavior. **The DDS found that she can have occasional interaction with others, and the DDS reference to superficial contact is internally inconsistent, as superficial contact would suggest less contact than occasional**.

(ECF No. 7-2, PAGEID ##: 52–52) (emphasis added).

Upon review, the Undersigned finds that the ALJ erred in its explanation for discounting the "superficial" limitation. Courts within the Southern District of Ohio have extensively examined the distinction between "superficial" and "occasional" limitations in the RFC context, and two general approaches have emerged. Under one approach, the terms "superficial" and "occasional" are distinct terms that measure and address different aspects of social interaction, *i.e.* "occasional contact" refers to the quantity of time spent whereas "superficial contact" refers to the quality of the interactions. *See Candy B. v. Comm'r of the SSA*, No. 2:24-cv-3968, 2025 WL 2432375, at *5 (S.D. Ohio Aug. 22, 2025) (collecting cases)); *see also Hummel v. Comm'r of Soc. Sec.*, No. 2:18cv28, 2020 WL 13572215, at *4 (S.D. Ohio Mar. 13, 2020); *Lindsey v. Comm'r of Soc. Sec.*, 2:18cv18, 2018 WL 6257432, at *4 (S.D. Ohio Nov. 30, 2018). Under the alternative approach, "superficial" and "occasional" are sufficiently similar in the context of social functioning such that "no real conflict exists" between them. *See Stephen D. v. Comm'r of Soc. Sec.*, 734 F. Supp. 3d 729, 738 (S.D. Ohio 2024).

But in this case, the ALJ's reason for rejecting the "superficial" limitation as being "internally inconsistent" with "occasional" does not make sense under either framework. (*See* ECF No. 7-2, PAGEID #: 52.) Under the first approach, a quality and quantity restriction—contrary to the ALJ's explanation—would not be internally inconsistent because they measure different types of interactions. Likewise, under the other approach, if the two words are essentially interchangeable, they again could not be internally inconsistent. At bottom, then, the Undersigned is not able to track the ALJ's reasoning for rejecting this limitation. By failing to adequately explain her reasoning for rejecting the limitation, the ALJ prevented "this Court from conducting meaningful review to determine whether substantial evidence supports the ALJ's decision." *Allyson F. v. Comm'r of Soc. Sec. Admin.*, No. 2:23-CV-3166, 2024 WL 3451081, at *5 (S.D. Ohio July 18, 2024*), report and recommendation adopted*, 2024 WL 4035015 (S.D. Ohio Sept. 4, 2024) (remanding when the ALJ noted it found a state agency reviewer's opinion to be "generally persuasive" but failed to accommodate the opined restrictions or explain the reasons for omitting them) (citing *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011) (noting that an ALJ's decision "must include a discussion of 'findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record.'" (quoting 5 U.S.C. § 557(c)(3)(A))) (further citations omitted). This failure warrants remand. *See e.g. Hankinson v. Comm'r of Soc. Sec.*, No. 2:18-CV-58, 2020 WL 240812, at *2 (S.D. Ohio Jan. 16, 2020) (remanding where the ALJ found persuasive a state agency reviewer's opinion but failed to incorporate the opined restrictions or explain that omission); *Wood v. Comm'r of Soc. Sec.*, No. 3:18-CV-76, 2019 WL 1614591, at *3 (S.D. Ohio Apr. 16, 2019), *report and recommendation adopted*, No. 3:18-CV-76, 2019 WL 1958663

(S.D. Ohio May 2, 2019) ("the ALJ must meaningfully explain why certain limitations are not included in the RFC determination, especially when, as here, such limitations are set forth in an opinion the ALJ weighs favorably.").

Finally, although the Undersigned finds that remand is warranted based on the ALJ's error as to this issue, this does not preclude examination of the other issues raised here when the matter is remanded.

## VI. CONCLUSION

For these reasons, it is therefore **RECOMMENDED** that Plaintiff's Statement of Errors be **SUSTAINED**, that the Court **REVERSE** the Commissioner of Social Security's nondisability finding and **REMAND** this case under Sentence Four of § 405(g).

## VII. PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816*,* 829 (6th Cir. 2007) (holding that "failure to object to the magistrate

judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

**IT IS SO ORDERED.**

*<u>/s/ S. Courter M. Shimeall</u>*
**S. COURTER M. SHIMEALL**
**UNITED STATES MAGISTRATE JUDGE**